WO                                                                                    MDR

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Kenneth W. Reed,

Plaintiff,

v.

State of Arizona, et al.,

Defendants.

No.   CV 20-00758-PHX-JAT (CDB)

**ORDER**

On February 26, 2020, Plaintiff Kenneth W. Reed, who is confined in the Arizona State Prison Complex-Tucson in Tucson, Arizona, filed a 102-page Amended Complaint in the Superior Court of Pima County, Arizona, against numerous Defendants, including Corizon Health, Inc.  On March 20, 2020, Defendant Corizon filed a Notice of Removal and removed the case to this Court.

In a March 25, 2020 Order, Senior United States District Court Judge Raner C. Collins concluded the case was timely and properly removed, dismissed the Amended Complaint because Plaintiff had failed to file on the court-approved form, and gave Plaintiff thirty days to file a second amended complaint on the court-approved form.

On April 14, 2020, Plaintiff filed a "Motion to Correct Clerical Error: Wrong Venue," in which he stated that the case should have been transferred to the Phoenix Division of the Court because all of the transactions and events discussed in the Amended Complaint occurred at the Arizona State Prison Complex-Florence, in Florence, Arizona, which is in Pinal County.  In an April 20, 2020 Order, Judge Collins granted the Motion

1    and directed the Clerk of Court to transfer this case to the Phoenix Division.  The Clerk of

2    Court did so and assigned the case to the undersigned.  In an April 29, 2020 Order, the

3    Court gave Plaintiff fifteen days to file a second amended complaint in compliance with

4    the March 25, 2020 Order.

5        Unbeknownst to the Court, Plaintiff had been filing documents in the Tucson

6    Division, using the case number assigned to the case in the Tucson Division, rather than

7    the case number assigned to the case in the Phoenix Division.  In a May 8, 2020 Order,

8    Judge Collins directed the Clerk of Court to transfer the motions pending in the Tucson

9    Division, and any subsequently filed motions in this case, to the Phoenix Division.  The

10   Clerk of Court did so.

11       In a May 19, 2020 Order, the Court addressed Plaintiff's April 27, 2020 "Amended

12   Motion for Remand; or, in the Alternative, Amended Motions to Order Service of Notice

13   and For Enlargement of Time to File Objection to Removal"[1] and April 29, 2020 Motion

14   to Waive Requirement of Form, both of which had been filed initially in the Tucson

15   Division.  The Court denied the Amended Motion for Remand and the Motion to Waive

16   Requirement of Form and gave Plaintiff thirty days to file either (1) a motion to remand, if

17   he believed one was appropriate, or (2) a second amended complaint on a court-approved

18   form.

19       On May 18, 2020, Plaintiff filed a "Motion for Reconsideration of Court's April 29,

20   2020[] Order . . . or, in the Alternative, Motion for Enlargement of Time to File (Second)

21   Amended Complaint."  On May 26, 2020, he filed a Motion for Enlargement of Time to

22   File Reply to Defendant's Response to Plaintiff's Motion for Remand and lodged a Reply.

23   In a June 8, 2020 Order, the Court granted the May 26 Motion for Enlargement of Time,

24   directed the Clerk of Court to file the lodged Reply, and denied as moot the May 18 Motion

25   for Reconsideration.

26       On June 19, 2020, Plaintiff filed a "Notice of Bridled Access to the Courts Through

27   the Mails Halting Prosecution of Cause and Motion to Stay Proceedings."  He asserted that

28

---

[1] Plaintiff filed his original version of the Motion on April 24, 2020.

1    the prison paralegal had curtailed his purchase of envelopes, and this had impacted his

2    ability to prosecute this action and his other pending cases in the state and federal courts.

3    He requested the Court "stay these proceedings for howsoever long it might take him to

4    obtain judicial relief to overcome this impediment."

5         In an August 31, 2020 Order, the Court denied Plaintiff's request for a stay, but

6    granted him an extension of time until September 30, 2020, to comply with the May 19

7    Order by filing either (a) a motion to remand, if he believed one was appropriate, or (b) a

8    second amended complaint on a court-approved form.  The Court informed Plaintiff that if

9    he was unable to comply with this deadline and sought an additional extension of time, he

10   needed to provide the Court with information regarding his requests for legal supplies since

11   he filed his June 19, 2020 Notice; the status of his exhaustion of his administrative remedies

12   regarding the denial of legal envelopes; and the status of any "independent action" he filed

13   regarding this issue.

14        On October 13, 2020, Plaintiff filed four informational notices, notifying the Court

15   that the paralegal was continuing to curtail the number of legal envelopes he could

16   purchase, his access to the courts was being diminished by the resurgence of his previously

17   diagnosed carpal tunnel syndrome, and he would not be filing a motion for remand.  He

18   also filed a Motion for Enlargement of Time to File Status Report and a Status Report

19   Regarding Ongoing Endeavor to Restore Access to Courts and Legal Community Through

20   the Mails and Motion to Suspend Bespoken Dismissal Pending Hearing on Forthcoming

21   Request for Representation ("Status Report and Motion to Suspend").  In an October 22,

22   2020 Order, the Court granted the Motion for Enlargement of Time, considered the Status

23   Report and Motion to Suspend to be timely filed, and partially granted the Status Report

24   and Motion to Suspend.  The Court gave Plaintiff until November 30, 2020, to file either a

25   second amended complaint or a request for the appointment of counsel.

26        On December 2, 2020, Plaintiff filed a "Request for Court's Assistance, Locating

27   and Securing Representation for Plaintiff" and a Declaration in Support.  In a December

28   18, 2020 Order the Court denied Plaintiff's Request and gave him a final opportunity to

1    file a second amended complaint on the court-approved form.  The Court gave Plaintiff

2    until January 29, 2021, to file a second amended complaint on a court-approved form;

3    explained that no further extensions would be granted; and warned Plaintiff that the Clerk

4    of Court would dismiss this action, without prejudice, if he failed to timely file a second

5    amended complaint on a court-approved form.

6           On February 3, 2021, Defendant Corizon filed a Motion to Dismiss (Doc. 33),

7    seeking dismissal of this action, without prejudice, because Plaintiff had failed to comply

8    with the December 18, 2020 Order.  On February 25, 2021, Plaintiff filed a Response to

9    Defendant Corizon's Motion to Dismiss, stating that, "given the fact that the Court has

10    allowed him nearly 11 months to accomplish the impossible, which, upon the record, he

11    admits having failed to do, Plaintiff concedes that the Court has no discretion in this matter

12    but to grant Defendant Corizon's Motion to Dismiss."  With his Response, Plaintiff lodged

13    a Second Amended Complaint (Doc. 35) containing fourteen claims and a request for relief,

14    all of which are entirely blank.

15           The Court will dismiss this action without prejudice for failure to comply with a

16    Court Order.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (stating a

17    district court may dismiss action for failure to comply with any order of the court).

18    **IT IS ORDERED:**

19           (1)    This action is **dismissed without prejudice** pursuant to Rule 41(b) of the

20    Federal Rules of Civil Procedure for failure to comply with a Court Order; the Clerk of

21    Court must enter **judgment** accordingly and close this case.

22           (2)    Defendant Corizon's Motion to Dismiss (Doc. 33) is **granted**.

23           (3)    The Clerk of Court **must not file** Plaintiff's lodged Second Amended

24    Complaint (Doc. 35).

25    . . . .

26    . . . .

27    . . . .

28    . . . .

1     (4)    The docket shall reflect that the Court certifies, pursuant to 28 U.S.C.

2  § 1915(a)(3), that any appeal of this decision would not be taken in good faith.

3     Dated this 1st day of March, 2021.

James A. Teilborg
Senior United States District Judge

- 5 -