WO                                                                              MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Kenneth W. Reed, | No. CV 20-00758-PHX-JAT (CDB) |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| State of Arizona, et al., | |
| Defendants. | |

**I.   Procedural History**

On February 26, 2020, Plaintiff Kenneth W. Reed, who is confined in the Arizona State Prison Complex-Tucson in Tucson, Arizona, filed a 102-page Amended Complaint in the Superior Court of Pima County, Arizona, against numerous Defendants, including Corizon Health, Inc.  On March 20, 2020, Defendant Corizon filed a Notice of Removal and removed the case to this Court.

In a March 25, 2020 Order, Senior United States District Court Judge Raner C. Collins concluded the case was timely and properly removed, dismissed the Amended Complaint because Plaintiff had failed to file on the court-approved form, and gave Plaintiff thirty days to file a second amended complaint on the court-approved form.

On April 14, 2020, Plaintiff filed a "Motion to Correct Clerical Error: Wrong Venue," in which he stated that the case should have been transferred to the Phoenix Division of the Court because all of the transactions and events discussed in the Amended Complaint occurred at the Arizona State Prison Complex-Florence, in Florence, Arizona,

which is in Pinal County.  In an April 20, 2020 Order, Judge Collins granted the Motion and directed the Clerk of Court to transfer this case to the Phoenix Division.  The Clerk of Court did so and assigned the case to the undersigned.  In an April 29, 2020 Order, the Court gave Plaintiff fifteen days to file a second amended complaint in compliance with the March 25, 2020 Order.

Unbeknownst to the Court, Plaintiff had been filing documents in the Tucson Division, using the case number assigned to the case in the Tucson Division, rather than the case number assigned to the case in the Phoenix Division.  In a May 8, 2020 Order, Judge Collins directed the Clerk of Court to transfer the motions pending in the Tucson Division, and any subsequently filed motions in this case, to the Phoenix Division.  The Clerk of Court did so.

In a May 19, 2020 Order, the Court addressed Plaintiff's April 27, 2020 "Amended Motion for Remand; or, in the Alternative, Amended Motions to Order Service of Notice and For Enlargement of Time to File Objection to Removal"[1] and April 29, 2020 Motion to Waive Requirement of Form, both of which had been filed initially in the Tucson Division.  The Court denied the Amended Motion for Remand and the Motion to Waive Requirement of Form and gave Plaintiff thirty days to file either (1) a motion to remand, if he believed one was appropriate, or (2) a second amended complaint on a court-approved form.

On May 18, 2020, Plaintiff filed a "Motion for Reconsideration of Court's April 29, 2020[] Order . . . or, in the Alternative, Motion for Enlargement of Time to File (Second) Amended Complaint."  On May 26, 2020, he filed a Motion for Enlargement of Time to File Reply to Defendant's Response to Plaintiff's Motion for Remand and lodged a Reply.  In a June 8, 2020 Order, the Court granted the May 26 Motion for Enlargement of Time, directed the Clerk of Court to file the lodged Reply, and denied as moot the May 18 Motion for Reconsideration.

---

[1] Plaintiff filed his original version of the Motion on April 24, 2020.

On June 19, 2020, Plaintiff filed a "Notice of Bridled Access to the Courts Through the Mails Halting Prosecution of Cause and Motion to Stay Proceedings." He asserted that the prison paralegal had curtailed his purchase of envelopes, and this had impacted his ability to prosecute this action and his other pending cases in the state and federal courts. He requested the Court "stay these proceedings for howsoever long it might take him to obtain judicial relief to overcome this impediment."

In an August 31, 2020 Order, the Court denied Plaintiff's request for a stay, but granted him an extension of time until September 30, 2020, to comply with the May 19 Order by filing either (a) a motion to remand, if he believed one was appropriate, or (b) a second amended complaint on a court-approved form. The Court informed Plaintiff that if he was unable to comply with this deadline and sought an additional extension of time, he needed to provide the Court with information regarding his requests for legal supplies since he filed his June 19, 2020 Notice; the status of his exhaustion of his administrative remedies regarding the denial of legal envelopes; and the status of any "independent action" he filed regarding this issue.

On October 13, 2020, Plaintiff filed four informational notices, notifying the Court that the paralegal was continuing to curtail the number of legal envelopes he could purchase, his access to the courts was being diminished by the resurgence of his previously diagnosed carpal tunnel syndrome, and he would not be filing a motion for remand. He also filed a Motion for Enlargement of Time to File Status Report and a Status Report Regarding Ongoing Endeavor to Restore Access to Courts and Legal Community Through the Mails and Motion to Suspend Bespoken Dismissal Pending Hearing on Forthcoming Request for Representation ("Status Report and Motion to Suspend"). In an October 22, 2020 Order, the Court granted the Motion for Enlargement of Time, considered the Status Report and Motion to Suspend to be timely filed, and partially granted the Status Report and Motion to Suspend. The Court gave Plaintiff until November 30, 2020, to file either a second amended complaint or a request for the appointment of counsel.

. . . .

On December 2, 2020, Plaintiff filed a "Request for Court's Assistance, Locating and Securing Representation for Plaintiff" and a Declaration in Support. In a December 18, 2020 Order the Court denied Plaintiff's Request and gave him a final opportunity to file a second amended complaint on the court-approved form. The Court gave Plaintiff until January 29, 2021, to file a second amended complaint on a court-approved form; explained that no further extensions would be granted; warned Plaintiff that the Clerk of Court would dismiss this action, without prejudice, if he failed to timely file a second amended complaint on a court-approved form; and informed Plaintiff that in light of the Court's familiarity with his lengthy litigation history, the Court would not require Plaintiff to complete the "Previous Lawsuits" section of the court-approved form, thereby providing Plaintiff with additional pages to set forth his claims.

On February 3, 2021, Defendant Corizon filed a Motion to Dismiss, seeking dismissal of this action, without prejudice, because Plaintiff had failed to comply with the December 18, 2020 Order. On February 25, 2021, Plaintiff filed a Response to Defendant Corizon's Motion to Dismiss, stating that, "given the fact that the Court has allowed him nearly 11 months to accomplish the impossible, which, upon the record, he admits having failed to do, Plaintiff concedes that the Court has no discretion in this matter but to grant Defendant Corizon's Motion to Dismiss."

In a March 1, 2021 Order, the Court granted Defendant Corizon's Motion to Dismiss, dismissed this action without prejudiced pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a Court Order, directed the Clerk of Court to enter Judgment accordingly, and indicated that the docket would reflect that the Court certified, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal of this decision would not be taken in good faith. The Clerk of Court entered Judgment the same day.

**II.    Pending Motion**

On March 29, 2021, Plaintiff filed a Motion for New Trial and to Alter or Amend Judgment (Doc. 38) and an Affidavit in Support. On April 5, 2021, he filed an

"Advisement re Filing and Service of Documents Despite Ongoing Hindrance to Access to the Courts Through the Mails."

In his Motion, Plaintiff first contends there were "early manifestations of unfair adjudication," an allegation premised on (a) Judge Collins' Order dismissing the Amended Complaint because it was not filed on the court-approved form and requiring Plaintiff to file a second amended complaint on the court-approved form; (b) the undersigned's subsequent Orders that "redirected, re-redirected, and re-re-redirected the Plaintiff to rewrite his 102-page state-court Amended Complaint onto [the] Civil Rights Complaint by a Prisoner form, which . . . could be no longer than 21 pages"; and (c) the undersigned "mischaracteriz[ing] the Plaintiff's inability to write his 17 claims on two pages as an unwillingness to comply with the Court's orders."[2]

Second, Plaintiff contends there is a "falsely constructed record" because in the March 1, 2021 Order, the Court "referred to some nonexistent 'Second Amended Complaint' that he imputed to the Plaintiff as having lodged, and which [the Court] criticized for . . . 'containing fourteen claims and a request for relief, all of which are entirely blank.'" Plaintiff states that he "never sent any such document to the Court's clerk to be filed or lodged" and that "if indeed there was such a 'Second Amended Complaint' put on the record (i.e., lodged with the Court's clerk), then it would be an utterly fraudulent construction that [the undersigned] himself put there to wrongly portray the Plaintiff as an unruly and disobedient litigant."

Third, Plaintiff alleges the Court "knew, or reasonably should have known that imposing upon the Plaintiff the task of rewriting his 17-count, 102-page, state-court Amended Complaint onto two pages was utterly impossible" and intended to impute a "measure of contumacy or of bad faith" to Plaintiff due to his "INABILITY to accomplish

---

[2] The court-approved form complaint is six pages long and both the form complaint and accompanying instructions permit an inmate to attach "**no more than fifteen additional pages**" of standard letter-sized paper. (Emphasis in original.) Plaintiff asserts that he had to use thirteen of the fifteen additional pages to "provide the information called for by the instructions" and, therefore, "only two pages remained for [Plaintiff] to write his 17 claims."

- 5 -

the impossible." He claims that even "after condescending to waive the requirement" that Plaintiff list his prior lawsuits on the court-approved form, "which freed up only 12 pages," the Court "knew, or reasonably should have known that imposing upon the Plaintiff the task of rewriting his 17 counts onto 14 single-count pages, was utterly impossible" and intended to impute a "measure of contumacy or of bad faith" to Plaintiff due to his "INABILITY to accomplish the impossible." Plaintiff contends the Court "designed to lay a foundation which would lend a semblance of credibility to [the Court's] scheme to prevent the Plaintiff from seeking appellate review of the conduct and disposition of these proceedings" and then "wrongly 'certified' that any appeal of [the] decision would not be taken in good faith."

Finally, Plaintiff contends he is "the victim of [the Court's] machinations to deny him his right of access to the courts, his right to due process of law, his right to petition the courts for redress and, lastly, his right to seek appellate review of the conduct and disposition of these proceedings." He argues he must be given a "'new trial' to permit an impartial tribunal to ascertain" whether his inability to rewrite his 17-count, 102-page Amended Complaint onto two or fourteen pages "warrants a dismissal of this cause." Alternatively, he claims that "at the very least," the Court's "falsely premised" certification that an appeal of the decision would not be taken in good faith "must be vacated."

### III.     Discussion

It is within the Court's discretion to grant or deny a motion for reconsideration filed under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Reconsideration is appropriate under Rule 59(e) "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263. "Rule 60(b) 'provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief.'" *Id.*

(quoting *Fuller*, 950 F.2d at 1442); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Id.* (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

First, Plaintiff's Motion is, for the most part, nothing more than a restatement of Plaintiff's disagreement with the Court's requirement that he file on the court-approved form and comply with Rule 3.4 of the Local Rules of Civil Procedure. The Court finds no basis to reconsider this requirement and no basis to reconsider its decision to dismiss this action, without prejudice, when Plaintiff failed to do so.

Second, the Court rejects Plaintiff's assertion that Plaintiff did not send a "Second Amended Complaint" to the Court and that if any such document is on the record, it is an "utterly fraudful construction that [the undersigned] himself put there to wrongly portray the Plaintiff as an unruly and disobedient litigant." Plaintiff's February 25, 2021 Response to Defendant Corizon's Motion to Dismiss consists of two pages of text and a third page that is labeled "Attachment." The Clerk of Court separately lodged the subsequent pages—an unsigned Second Amended Complaint and Plaintiff's signed and dated "Certificate of Filing and Service."[3]

Third, whether Plaintiff lodged the Second Amended Complaint had no bearing on the Court's decision to dismiss this action for failure to comply; if Plaintiff did not file the document, then he most assuredly did not comply with the Court's Order that he file a second amended complaint on the court-approved form. Moreover, referencing the

---

[3] The Court will direct the Clerk of Court to send Plaintiff a copy of the lodged paperwork.

document was not intended to portray Plaintiff as an unruly and disobedient litigant; Plaintiff failure to comply with the Court's Order was evident from the record, with or without the Court's statement regarding the lodged Second Amended Complaint.

Finally, the Court finds no basis to reconsider or vacate the statement that an appeal of the March 1, 2021 Order would not be taken in good faith. The March 1, 2021 Order dismissed this action because Plaintiff had failed to comply with the Court's requirement that he file a second amended complaint on the court-approved form. In his Response to Defendant Corizon's Motion to Dismiss, Plaintiff admitted he had failed to do so and conceded that "the Court has no discretion in this matter but to grant Defendant Corizon's Motion to Dismiss." An appeal of the Order dismissing for failure to comply, therefore, would not be taken in good faith.

Thus, the Court will deny Plaintiff's Motion for New Trial and to Alter or Amend Judgment.

**IT IS ORDERED:**

(1) Plaintiff's Motion for New Trial and to Alter or Amend Judgment (Doc. 38) is **denied**.

(2) The Clerk of Court must **send** Plaintiff a copy of the lodged Second Amended Complaint (Doc. 35).

(3) This case must remain **closed**.

(4) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal of this decision would not be taken in good faith.

Dated this 12th day of April, 2021.

James A. Teilborg
Senior United States District Judge