WO                                                                                                          MDR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kenneth W. Reed, | No. CV 20-00758-PHX-JAT (CDB) |
| Plaintiff, | |
| v. | **ORDER** |
| State of Arizona, et al., | |
| Defendants. | |

On April 13, 2021, Plaintiff filed a Motion for Change of Judge (Doc. 42), seeking recusal of the undersigned pursuant 28 U.S.C. § 144, and an Affidavit in Support.

Section 144 provides that where a party files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." "[T]he judge against whom an affidavit of bias is filed may pass on its legal sufficiency . . . . Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case. " *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) (citing *Berger v. United States*, 255 U.S. 22 (1921)).

Plaintiff's Motion and Affidavit are not legally sufficient.[1]  "An affidavit filed pursuant to [28 U.S.C. § 144] is not legally sufficient unless it specifically alleges facts that

---

[1] In addition, the Motion and Affidavit, which were filed after the Court dismissed this action without prejudice for failure to comply with a Court Order, the Clerk of Court entered Judgment, and the Court denied Plaintiff's Motion for New Trial and to Alter or

fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an *extrajudicial source.*" *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980) (emphasis added). Plaintiff's Affidavit does not contain any facts to support the conclusion that the undersigned has exhibited a bias or prejudice that stems from an extrajudicial source; it is entirely based on the Court's rulings in this action.

Moreover, recusal is not appropriate. Under § 144, recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)), *abrogated on other grounds in Simmons v. Himmelreich*, ___ U.S. ___, 136 S. Ct. 1843 (2016). In nearly all cases, the source of any alleged bias must be extrajudicial. *Liteky v. United States*, 510 U.S. 540, 544-56 (1994). In *Liteky*, the Supreme Court stated:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree or favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

510 U.S. at 555 (internal citation omitted). *See also Pesnell*, 543 F.3d at 1044.

---

Amend Judgment, are untimely. *See Liteky v. United States*, 510 U.S. 540, 549 (1994) ("the recusal statute 'was never intended to enable a discontented litigant to oust a judge because of adverse rulings made, . . . but to prevent his future action in the pending cause'" (quoting *Ex parte Am. Steel Barrel Co.*, 230 U.S. 35, 44 (1913))); *Waggoner v. Dallaire*, 649 F.2d 1362, 1370 (9th Cir. 1981) ("A disqualification motion filed after trial and judgment is generally considered untimely.").

As previously discussed, Plaintiff does not allege the undersigned has an extrajudicial bias against him. Plaintiff plainly disagrees with the Court's rulings, but the undersigned cannot conclude that the grounds advanced by Plaintiff would cause a reasonable person with knowledge of all the relevant facts to question the impartiality of the undersigned. Thus, the Court will deny Plaintiff's Motion for Change of Judge.

**IT IS ORDERED**:

(1)   Plaintiff's Motion for Change of Judge (Doc. 42) is **denied**.

(2)   This matter must remain **closed**.

(3)   **The Clerk of Court must accept no further documents for filing in this case number, other than those in furtherance of an appeal**.

Dated this 4th day of May, 2021.

_____
James A. Teilborg
Senior United States District Judge